UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:24-cv-06327-DOC-AJR         Date:  August 22, 2024
                                         Page 1 of 5

Title:     Jimmie E. Stephens v. Warden J. Schultz et al.,

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A) OR DISMISSED FOR FAILURE TO STATE A COGNIZABLE HABEAS CLAIM**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

  Claudia Garcia-Marquez          None                None
      Deputy Clerk          Court Reporter/Recorder   Tape No.

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENTS:

      None Present                         None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On July 19, 2024, Jimmie E. Stephens ("Petitioner"), a *pro se* state prisoner currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison Solano, in Vacaville, CA ("CSP-Solano"), constructively filed[1] a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Dkt. 1.)  The Petition appears to challenge CDCR's Board of Parole

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Here, the Court uses July 19, 2024 as the constructive filing date because Petitioner's signature on the Petition is dated July 19, 2024. (Dkt. 1 at 15.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:24-cv-06327-DOC-AJR | Date:  August 22, 2024 |
| | Page 2 of 5 |

Title:    Jimmie E. Stephens v. Warden J. Schultz et al.,

Hearings' ("BPH") determination as to Petitioner's suitability for parole.  (Id. at 7 ("5-2-24 was [P]etitioner's 5th BPH Suitability for Release Denial, when BPH used 4[-]year[-]old write-ups" to deny Petitioner parole.).)  The Petition also seems to allege claims under California's Racial Justice Act that Petitioner asserts protects prisoners, "especially . . . African Americans, who[] do longer [s]entences than other [r]aces [because of] BPH." (Id. at 5.)

Upon review of the Petition, it appears that venue for this action properly lies within the Eastern District of California and that in the interest of justice, this action should be transferred to that judicial district.

> "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."

28 U.S.C. § 2241(d).

Nevertheless, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."  Id.

The general practice of California district courts is to transfer habeas actions challenging a denial of parole to the district where the petitioner is confined.  See Bayramoglu v. Ochoa, 2011 WL 2462489, at *1 (C.D. Cal. June 21, 2011) (finding that the proper forum for a claim related to the denial of parole is the district of confinement); Gaddis v. Marshall, 2007 WL 4533140, at *1 (N.D. Cal. Sept. 12, 2007) ("[T]he district of confinement is the preferable forum to review the execution of a sentence, such as a parole denial claim."); Cerny v. California Bd. of Prison Terms, 2006 WL 2784708, at *1 (N.D. Cal. Sept. 26, 2006) (same); Jones v. Dep't of Corr., Bd. of Prison Terms, 1995 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-06327-DOC-AJR                           Date: August 22, 2024
                                                             Page 3 of 5

Title:       Jimmie E. Stephens v. Warden J. Schultz et al.,

28454, at *1 (N.D. Cal. Jan. 23, 1995) (same); see Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined."); accord Thomas v. United States, 50 F.3d 16 (9th Cir. 1995).

While Petitioner was convicted in Los Angeles County, he is confined at CSP-Solano. (Dkt. 1 at 1). CSP-Solano is located in Vacaville, Solano County, California, which lies within the Eastern District of California. See 28 U.S.C. § 84(b). Because Petitioner's claims relate to the denial of parole - in other words, the execution of his sentence - venue is proper in the Eastern District of California. Therefore, the Court concludes that it appears that this action should proceed in the Eastern District of California rather than the Central District of California. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494 (1973) ("The expense and risk of transporting the petitioner to the [district of conviction], should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from [the district of conviction] to the district where petitioner is confined.").

Further, the Court notes that Petitioner's challenge to the BPH's decision appears to be based, in whole or in part on California's Racial Justice Act[2] ("CRJA"). (See Dkt. 1 at 5, 17.) Petitioner is advised that, to the extent he intends to seek relief based on the CRJA, Petitioner cannot state a cognizable habeas claim. Indeed, the Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (internal quotation marks omitted); see Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)).

---

[2] The CRJA was enacted in 2020 and is codified in California Penal Code section 745. Under the CRJA, a defendant who can show that his conviction or sentence was based on his race, ethnicity, or national origin is entitled to have his conviction or sentence vacated. Cal. Penal Code § 745(e)(2)(A)(B).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    2:24-cv-06327-DOC-AJR           Date: August 22, 2024
                                                                          Page 4 of 5

Title:        Jimmie E. Stephens v. Warden J. Schultz et al.,

        Moreover, this Court cannot redetermine an issue of state law. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (internal quotation marks omitted)); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law . . . ."). The Antiterrorism and Effective Death Penalty Act's Section 2254 only grants this Court authority to review violations of federal law, not claims arising under the CRJA. See, e.g., Wynn v. Foulk, 2021 WL 6135325, at *4 (N.D. Cal. Dec. 29, 2021) (holding that claim for relief under CRJA was not cognizable on federal habeas under § 2254); Montgomery v. Matteson, 2022 WL 16556042, at *8 (C.D. Cal. Sept. 14, 2022) (same), report and recommendation adopted, 2022 WL 16556011 (C.D. Cal. Oct. 31, 2022); Muniz v. Phillips, 2024 WL 1343127, at *3 (C.D. Cal. Mar. 28, 2024) ("Claims brought under the CJRA are likewise not cognizable under federal habeas review.").

        Finally, Petitioner is advised that the U.S. Supreme Court severely limited federal court review of state parole board hearings in Swarthout v. Cooke, 562 U.S. 216 (2011). Swarthout acknowledged that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable and requires fair procedures. Id. at 219-20. However, Swarthout also held that due process is satisfied where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Swarthout bars any challenge to the sufficiency of the evidence to support the Board's decision. See Roberts v. Hartley, 640 F.3d at 1046 (itI "makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting" relief.); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (holding that the issue was not whether the Board's parole denial was substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outline in [Swarthout v.] Cooke"). Thus, to the extent Petitioner seeks to challenges the BPH's decision based on the evidence used at that hearing, it appears that challenge would be barred under Swarthout.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-06327-DOC-AJR                                    Date: August 22, 2024
                                                                                        Page 5 of 5

Title:   Jimmie E. Stephens v. Warden J. Schultz et al.,

      Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE, by September 13, 2024**, why this action should not be transferred to the U.S. District Court for the Eastern District of California or dismissed for failure to state a cognizable habeas claim. Petitioner may satisfy this Order by filing a declaration setting forth any reason why venue should remain in the Central District of California, stating a basis other than the CJRA for his challenge of the BPH's decision, and stating why Swarthout does not bar his claim.

      **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may later be subject to the applicable statute of limitations. Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

      The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

      IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).